William M. Hogg (SBN 338196)
**Josephson Dunlap llp**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
whogg@mybackwages.com

*Counsel for Charles & the Straight Time Employees*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **BLIXA CHARLES**, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**VALLEY PRESBYTERIAN HOSPITAL**,<br><br>Defendant. | Case No. 2:25-cv-02308<br><br>**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)  Failure to Pay Overtime Under the Fair Labor Standards Act (29 U.S.C. § 201, et seq.);<br><br>(2)  Failure to Pay Overtime (Labor Code § 510);<br><br>(3)  Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Labor Code §§ 226.7 and 512);<br><br>(4)  Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code § 226);<br><br>(5)  Waiting Time Penalties (Labor Code §§ 201-203); and<br><br>(6)  Unlawful Business Practices (Bus. & Prof. Code §§ 17200 *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

## Summary

1. Blixa Charles ("Charles") brings this class and collective action to recover unpaid wages and other damages from Valley Presbyterian Hospital ("Valley Presbyterian").

2. Valley Presbyterian employed Charles as one of its Straight Time Employees (defined below).

3. Valley Presbyterian pays Charles and the other Straight Time Employees by the hour.

4. The Straight Time Employees regularly work more than 8 hours a day and 40 hours a week.

5. But Valley Presbyterian does not pay Charles and the other Straight Time Employees overtime at 1.5 times their regular rate of pay when they work more than 8 hours a day or 40 hours a week.

6. Instead, Valley Presbyterian misclassifies Charles and the other Straight Time Employees as independent contractors and pays Charles and the other Straight Time Employees the same hourly rate for all hours worked up to 12 in a day (Valley Presbyterian's "straight time for overtime" pay scheme).

7. Valley Presbyterian's straight time for overtime pay scheme violates the Fair Labor Standards Act ("FLSA") and various provisions of the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Orders by depriving the Straight Time Employees of "time and a half" overtime pay they are owed for all hours worked after 8 in a day and 40 in a week. (*See* Cal. Lab. Code § 510; IWC Wage Order No. 5-2001(3)(A)(1).)

8. Additionally, Valley Presbyterian fails to authorize, permit, and/or make available compliant meal periods to the Straight Time Employees (Valley Presbyterian's "meal period policy").

9. And when Charles and the other Straight Time Employees work 10 hours in a workday Valley Presbyterian fails to authorize, permit, and/or make

1    available a second compliant meal period.

2        10.    Instead, Valley Presbyterian requires Charles and the other Straight

3    Time Employees to remain on duty and perform work throughout their shifts.

4        11.    Valley Presbyterian also fails to authorize, permit, and/or make available

5    compliant rest periods to these employees for every four hours worked or major

6    fraction thereof (Valley Presbyterian's "rest period policy").

7        12.    Despite depriving Valley Presbyterian and the other Straight Time

8    Employees of compliant meal and rest periods, Valley Presbyterian does not pay

9    these employees the required premium pay for the first missed meal and rest period

10    each workday.

11        13.    Further, as a result of its unlawful employment practices, Valley

12    Presbyterian also violates the accurate wage statement provisions of the California

13    Labor Code and applicable Wage Order(s) by depriving Charles and the other

14    Straight Time Employees of wage statements that accurately reflect all their hours

15    worked and all wages actually earned.

16        14.    And, as a result of Valley Presbyterian's unlawful employment

17    practices, Charles and other former Straight Time Employees are not timely paid all

18    wages due and owing upon termination of employment.

19        15.    Finally, Valley Presbyterian's unlawful employment practices violate

20    the California Unfair Competition Law ("UCL") by practicing, employing, and

21    utilizing the employment practices outlined above by knowingly denying Charles and

22    the other Straight Time Employees: (1) overtime wages, (2) compliant meal and rest

23    periods, and (3) accurate itemized wage statements.

24                        **Jurisdiction & Venue**

25        16.    This Court has original subject matter jurisdiction pursuant to 28

26    U.S.C. § 1331 because this case involves a federal question under the FLSA. 29

27    U.S.C. § 216(b).

28

17.    This Court has supplemental jurisdiction over the state-law subclass claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

18.    This Court has personal jurisdiction over Valley Presbyterian because it is a domestic nonprofit corporation.

19.    Venue is proper because Valley Presbyterian maintains its principal place of business in Los Angeles County, which is in this district and division. 28 U.S.C. § 1391(b)(1).

## PARTIES

20.    Valley Presbyterian employed Charles as a Registered Nurse (RN) in its Van Nuys Hospital from approximately August 2022 until December 2023.

21.    Valley Presbyterian misclassified Charles as an independent contractor to avoid paying her overtime wages.

22.    Instead, Valley Presbyterian paid her according to its straight time for overtime pay scheme.

23.    Charles's written consent is attached as **Exhibit 1**.

24.    Valley Presbyterian likewise subjects the other Straight Time Employees to these policies.

25.    The putative collective of similarly situated employees is defined as:

> **All hourly Valley Presbyterian employees who were paid the same hourly rate for hours worked in excess of 40 in a workweek as hours worked under 40 in a workweek, at any time during the past 3 years through final resolution of this Action (the "FLSA Collective Members").**

26.    The putative California class of similarly situated employees is defined as:

**All hourly Valley Presbyterian employees in California who were paid the same hourly rate for hours worked in excess of 8 in a workday as hours worked under 8 in a workday (or in excess of 40 in a workweek as hours worked under 40 in a workweek), at any time during the past 4 years through final resolution of this Action (the "California Class Members").**

27.     The FLSA Collective Members and the California Class Members are collectively referred to as the "Straight Time Employees."

28.     Valley Presbyterian is a California nonprofit corporation headquartered in Van Nuys, California.

29.     Valley Presbyterian may be served with process by serving its registered agent: **Tamala Choma, 15107 Vanowen Street, Van Nuys, California, 91405**, or wherever she may be found.

### FLSA Coverage

30.     At all relevant times, Valley Presbyterian was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

31.     At all relevant times, Valley Presbyterian was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

32.     At all relevant times, Valley Presbyterian was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, medical equipment, medicine, and personal protective equipment, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

33.     At all relevant times, Valley Presbyterian has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

34.    At all relevant times, the Straight Time Employees were Valley Presbyterian's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

35.    At all relevant times, the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

FACTS

36.    Valley Presbyterian operates a 350-bed hospital "dedicated to the health and well-being . . . of the San Fernando Valley."[1]

37.    To meet its business objectives, Valley Presbyterian employs workers such as Charles and the other Straight Time Employees to provide healthcare services to its patients.

38.    Valley Presbyterian uniformly misclassifies them as independent contractors and fails to pay them overtime at the required premium rates.

39.    Valley Presbyterian hires and treats Charles and the other Straight Time Employees just like other regular employees.

40.    Despite misclassifying Charles and the other Straight Time Employees as independent contractors, Valley Presbyterian controls all meaningful aspects of their employment.

41.    Valley Presbyterian controls Charles's and the other Straight Time Employees' rate and method of pay.

42.    Valley Presbyterian controls Charles's and the other Straight Time Employees' schedules and assignments.

43.    Valley Presbyterian controls Charles's and the other Straight Time Employees' work.

44.    Charles's and the other Straight Time Employees' work is supervised and assigned by Valley Presbyterian personnel.

---

[1]    https://www.valleypres.org/about-us/ (last visited March 3, 2025).

45.     Valley Presbyterian requires Charles and its other Straight Time Employees to follow Valley Presbyterian's policies, procedures, plans, protocols, and specifications.

46.     Charles's and the other Straight Time Employees' work must strictly adhere to the quality standards put in place by Valley Presbyterian.

47.     Charles and the other Straight Time Employees are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

48.     Indeed, the daily and weekly activities of Charles and the other Straight Time Employees are routine and largely governed by standardized plans, procedures, and checklists created by Valley Presbyterian.

49.     Virtually every job function is predetermined by Valley Presbyterian, including the tools and equipment used, the schedule of work, and related work duties.

50.     Without the job Charles and the other Straight Time Employees perform, Valley Presbyterian would not be able to complete its core business objective of providing healthcare to its patients.

51.     The work Charles and the other Straight Time Employees perform is therefore an essential and integral part of Valley Presbyterian's core business as a hospital system: providing healthcare to patients.

52.     Charles and the other Straight Time Employees rely on Valley Presbyterian for work and compensation.

53.     Charles and the other Straight Time Employees are not engaged in an independently established trade, occupation, or business of the same nature as the work they perform for Valley Presbyterian.

54.     Charles and the other Straight Time Employees cannot subcontract out the work they are assigned by Valley Presbyterian.

55.     Charles and the other Straight Time Employees do not substantially invest in the tools required to complete the overall job to which they are assigned by Valley Presbyterian.

56.     Rather, Valley Presbyterian incurs the large-scale business and operating expenses like marketing, equipment, tools, and materials.

57.     Charles and the other Straight Time Employees do not market their services while employed by Valley Presbyterian.

58.     Valley Presbyterian maintains control, oversight, and direction of Charles and the other Straight Time Employees, including, but not limited to, hiring, firing, disciplining, and other employment practices.

59.     In sum, Charles and the other Straight Time Employees are Valley Presbyterian's employees under federal and California law. *See* CAL. LAB. CODE § 2775.

60.     For example, Charles worked for Valley Presbyterian as an RN from approximately August 2022 through December 2023 in Valley Presbyterian's Van Nuys hospital.

61.     Charles's primary duties included working in Valley Presbyterian's intensive care unit (ICU) monitoring patients' vital signs, distributing medications, responding to patient emergencies, and addressing other patient care needs as appropriate and as assigned by Valley Presbyterian.

62.     Charles was Valley Presbyterian's hourly employee.

63.     Valley Presbyterian approved Charles's hours worked each workday and workweek.

64.     Valley Presbyterian's records reflect the hours Charles worked each day and week.

65.     Charles regularly worked more than 8 hours a workday and 40 hours a workweek, while employed by Valley Presbyterian.

66. Indeed, Charles typically worked 12 hours a workday for 4 to 6 days a week (48 to 72 hours a workweek).

67. For example, upon information and belief, Charles worked approximately five 12-hour shifts totaling at least 60 hours worked during the first week of March 2023.

68. Despite Valley Presbyterian knowing Charles regularly worked overtime, she was not paid time and a half overtime wages for the hours she worked over 8 in a workday and 40 in a workweek.

69. Instead, she was paid under Valley Presbyterian's straight time for overtime pay scheme.

70. Charles was paid approximately $90 an hour working for Valley Presbyterian.

71. But Valley Presbyterian misclassified her as an independent contractor to avoid paying her overtime wages.

72. The shifts she worked for Valley Presbyterian were scheduled through an online "app" Valley Presbyterian utilized to secure employees, called CareRev.

73. Each shift Charles worked she was paid a single hourly rate (straight time) for each hour she worked for Valley Presbyterian up to 12 hours a workday.

74. Charles was thus not paid "time and a half" overtime wages when she worked in excess of 8 hours in a day and/or 40 hours in a workweek for Valley Presbyterian.

75. And while exact job duties and precise locations worked may differ, Charles and the other Straight Time Employees are all subject to Valley Presbyterian's same or similar illegal policy—Valley Presbyterian's straight time for overtime pay scheme and meal period and rest period policies—for similar work.

76. Like Charles, Valley Presbyterian's other Straight Time Employees are paid on an hourly basis.

77.    Like Charles, Valley Presbyterian requires the other Straight Time Employees to report their hours worked.

78.    And Valley Presbyterian approves the other Straight Time Employees' hours.

79.    Thus, just as Valley Presbyterian maintains records of the hours Charles worked, it also maintains records of the hours the other Straight Time Employees work each day and week.

80.    Valley Presbyterian's records show the other Straight Time Employees, like Charles, regularly work more than 8 hours a workday and 40 hours a workweek.

81.    Every Straight Time Employee worked more than 8 hours in at least one workday or 40 hours in at least one workweek during the relevant period.

82.    Despite knowing the other Straight Time Employees regularly worked overtime hours, they are not paid premium overtime wages, while working for Valley Presbyterian.

83.    Additionally, Valley Presbyterian fails to authorize, permit, and/or make available compliant meal periods to Charles and the other Straight Time Employees.

84.    Indeed, Valley Presbyterian simply assumes Charles and the other Straight Time Employees receive compliant, timely, and *bona fide* meal periods each shift they work (and two meal periods for shifts exceeding 10 hours).

85.    But Charles and the other Straight Time Employees do not actually receive compliant, timely, and *bona fide* meal periods.

86.    Instead, Valley Presbyterian requires Charles and the other Straight Time Employees to remain on duty and perform compensable work, including during attempted meal periods.

87.    During attempted meal periods, Charles and the other Straight Time Employees are not free to engage in personal activities.

88.    Charles and the other Straight Time Employees are necessarily forced to substantially perform their regular duties and responsibilities because, for

example, they must continue caring for patients requiring immediate and continuous medical attention.

89.    Thus, Charles and the other Straight Time Employees routinely spend their meal periods performing work under Valley Presbyterian's direction and control.

90.    And Valley Presbyterian fails to authorize, permit, and/or make available compliant rest periods to Charles and the other Straight Time Employees.

91.    Indeed, Valley Presbyterian simply assumes Charles and the other Straight Time Employees receive compliant, timely, and *bona fide* rest periods for every 4 hours they work or major fraction thereof.

92.    But Charles and the other Straight Time Employees do not actually receive compliant, timely, and *bona fide* rest periods.

93.    Instead, Valley Presbyterian requires Charles and the other Straight Time Employees to remain on duty and perform compensable work throughout their shifts and they are not fully relieved of their duties, including during attempted rest periods.

94.    During attempted rest periods, Charles and the other Straight Time Employees are not free to engage in personal activities.

95.    Rather, Charles and the other Straight Time Employees are necessarily forced to substantially perform their regular duties and responsibilities.

96.    Thus, Charles and the other Straight Time Employees routinely spend their rest periods performing work under Valley Presbyterian's direction and control.

97.    Despite knowing it fails to provide these employees with compliant meal and rest periods, Valley Presbyterian also uniformly fails to pay Charles and the other Straight Time Employees the mandatory one hour of premium pay—at their regular rates of pay—for the first compliant meal and rest period they miss or are denied each workday.

98.    Further, Valley Presbyterian's wage-and-hour violations include

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Charles v. Valley Presbyterian Hospital*

1  routinely failing to maintain true and accurate records for Charles and the other
2  Straight Time Employees.

3  99.    Specifically, Valley Presbyterian fails to pay Charles and the other
4  Straight Time Employees all earned wages by failing to provide an hour of premium
5  pay for noncompliant meal and/or rest periods and fails to pay them overtime for
6  hours worked in excess of 8 a day and 40 a workweek.

7  100.    Thus, Valley Presbyterian uniformly fails to provide Charles and the
8  other Straight Time Employees with accurate, itemized wage statements that
9  correctly state their wages actually earned, as well as meal and rest period premium
10 pay they are owed, in violation of California law.

11 101.    Finally, due to Valley Presbyterian's straight time for overtime pay
12 scheme and meal and rest period policies, Valley Presbyterian fails to provide the
13 Charles and the other Straight Time Employees who have left their employment with
14 Valley Presbyterian with full payment of all wages owed at the end of their
15 employment, in violation of California law.

16 102.    As these Straight Time Employees are owed unpaid wages and
17 premium wages when their employment ends, and these amounts remain unpaid
18 under Valley Presbyterian's uniform policies and practices, Valley Presbyterian
19 uniformly fails to pay all wages due upon termination, in violation of California law.

20 103.    As a result, Valley Presbyterian is subject to waiting time penalties.

21 104.    Valley Presbyterian's violations of California law were willful, carried
22 out in bad faith, and caused significant damage to Charles and the other Straight
23 Time Employees.

24 ### CLASS AND COLLECTIVE ACTION ALLEGATIONS

25 105.    Charles brings her California state law claims as a class action pursuant
26 to Fed. R. Civ. P. 23 and brings her FLSA claims as a collective action pursuant to 29
27 U.S.C. § 216(b).

28 106.    Like Charles, the other Straight Time Employees are victimized by

Valley Presbyterian's straight time for overtime pay scheme and meal period and rest period policies.

107.   Other Straight Time Employees worked with Charles and indicated they were paid in the same manner, performed similar work, and were subject to Valley Presbyterian's same straight time for overtime pay scheme and meal period and rest period policies.

108.   Based on her experience with Valley Presbyterian, Charles is aware Valley Presbyterian's straight time for overtime pay scheme and meal period and rest period policies were imposed on other Straight Time Employees.

109.   The Straight Time Employees are known to Valley Presbyterian and can be readily identified through Valley Presbyterian's business and personnel records.

110.   The Straight Time Employees are similarly situated in the most relevant respects.

111.   Even if their precise job titles, exact duties, and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime wages for hours worked over 8 in a workday and 40 in a workweek, compliant meal and rest periods, premium pay for missed meal and rest periods, accurate wages statements, and timely payment of wages upon termination of employment.

112.   Rather, the Straight Time Employees are held together by Valley Presbyterian's straight time for overtime pay scheme and meal period and rest period policies, which systematically deprive Charles and the other Straight Time Employees of their earned overtime wages, premium wages, accurate wage statements, and timely wages upon termination of employment.

113.   Valley Presbyterian's records reflect the number of hours the Straight Time Employees recorded each workday and workweek.

114.   And Valley Presbyterian's records show it failed to pay the Straight Time Employees overtime wages for hours worked in excess of 8 a day and 40 a week,

as well as premium pay for numerous days it denied them compliant meal and/or rest periods.

115.   The back wages owed to Charles and the other Straight Time Employees can therefore be calculated using the same formula applied to the same records.

116.   Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Valley Presbyterian's records, and there is no detraction from the common nucleus of liability facts.

117.   Therefore, the issue of damages does not preclude class or collective treatment.

118.   Charles's experiences are therefore typical of the experiences of the other Straight Time Employees.

119.   Charles has no interest contrary to, or in conflict with, the interests of other Straight Time Employees that would prevent class or collective treatment.

120.   Like each Straight Time Employee, Charles has an interest in obtaining the unpaid wages owed to them under California law.

121.   Charles and her counsel will fairly and adequately represent the Straight Time Employees and their interests.

122.   Indeed, Charles retained counsel with significant experience in handling complex class and collective action litigation.

123.   A class and collective action, such as this one, is superior to other available means for fair and efficient adjudication of this matter.

124.   Absent this class and collective action, many Straight Time Employees will not obtain redress for their injuries, and Valley Presbyterian will reap the unjust benefits of violating California law.

125.   Further, even if some of the Straight Time Employees could afford individual litigation against Valley Presbyterian, it would be unduly burdensome to the judicial system.

126.    Indeed, the multiplicity of actions would create a hardship for the Straight Time Employees, the Court, and Valley Presbyterian.

127.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

128.    The questions of law and fact that are common to each Straight Time Employee predominate over any questions affecting solely the individual members.

129.    The common questions of law and fact include:

    a.    Whether Valley Presbyterian failed to pay the Straight Time Employees overtime wages for all overtime hours worked;

    b.    Whether Valley Presbyterian failed to pay its Straight Time Employees one hour of premium pay for each day it deprived them of compliant meal period(s);

    c.    Whether Valley Presbyterian failed to pay its Straight Time Employees one hour of premium pay for each day it failed to provide them with compliant rest period(s);

    d.    Whether Valley Presbyterian failed to provide its Straight Time Employees with accurate, itemized wage statements;

    e.    Whether Valley Presbyterian failed to timely pay all earned wages to the Straight Time Employees upon termination of employment;

    f.    Whether Valley Presbyterian's decision not to pay the Straight Time Employees overtime wages for all hours worked, including overtime hours, was made in good faith;

    g.    Whether Valley Presbyterian's decision not to pay the

Straight Time Employees premium pay for each day it denied them a compliant meal and/or rest period was made in good faith;

h.    Whether Valley Presbyterian's decision not to provide the Straight Time Employees with accurate itemized wage statements was made in good faith; and

i.    Whether Valley Presbyterian's violations were willful.

130.    As part of its regular business practices, Valley Presbyterian intentionally, willfully, and repeatedly violated the FLSA and California law concerning Charles and the other Straight Time Employees.

131.    Valley Presbyterian's illegal policies deprived Charles and the other Straight Time Employees of the earned overtime wages, meal and rest periods, premium pay for missed breaks, timely pay upon termination of employment, and accurate wage statements they are owed under California law.

132.    There are many similarly situated FLSA Collective Members who have been denied overtime wages of at least 1.5 times their regular rates of pay in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

133.    The FLSA Collective Members are known to Valley Presbyterian, are readily identifiable, and can be located through Valley Presbyterian's business and personnel records.

### Valley Presbyterian's Violations Were Willful

134.    Valley Presbyterian knew it was subject to the overtime provisions of the FLSA, California Labor Code, and applicable IWC Wage Orders.

135.    Valley Presbyterian knew the FLSA, California Labor Code, and applicable IWC Wage Order(s) required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 8 in a workday and 40 in a workweek.

136.    Valley Presbyterian knew each Straight Time Employee worked more than 8 hours in at least one workday and/or more than 40 hours in at least one workweek during the 3 years before this Complaint was filed because it required them to report their hours worked.

137.    Valley Presbyterian knew the Straight Time Employees were non-exempt employees entitled to overtime wages.

138.    Valley Presbyterian knew the Straight Time Employees were its hourly employees.

139.    Valley Presbyterian knew it paid the Straight Time Employees on an hourly basis.

140.    Valley Presbyterian knew the California Labor Code and applicable IWC Wage Orders required it to provide nonexempt employees, including the Straight Time Employees, with a 30-minute, duty free meal period for every five hours worked no later than the end of the fifth hour of work.

141.    Valley Presbyterian knew the California Labor Code and applicable IWC Wage Orders required it to pay employees, including the Straight Time Employees, one hour of premium pay for each day they are denied a compliant meal period.

142.    Valley Presbyterian knew the Straight Time Employees did not receive compliant meal periods.

143.    Nonetheless, Valley Presbyterian did not pay the Straight Time Employees one hour of premium pay each day it denied them a compliant meal period.

144.    Valley Presbyterian's failure to provide its Straight Time Employees with compliant meal periods was neither reasonable nor was its decision not to pay these employees one hour of premium pay each day it denied them a compliant meal period made in good faith.

145.    Valley Presbyterian knew the California Labor Code and applicable

IWC Wage Orders required it to provide employees, including the Straight Time Employees, with 10-minute, duty free rest periods every 4 hours worked or major fraction thereof.

146. Valley Presbyterian knew the California Labor Code and applicable IWC Wage Orders required it to pay employees, including the Straight Time Employees, one hour of premium pay for each day they are denied a compliant rest period.

147. Valley Presbyterian knew the Straight Time Employees did not receive compliant rest periods.

148. Nonetheless, Valley Presbyterian did not pay the Straight Time Employees one hour of premium pay each day it denied them a compliant rest period.

149. Valley Presbyterian's failure to provide its Straight Time Employees with compliant rest periods was neither reasonable nor was its decision not to pay these employees one hour of premium pay each day it denied them a compliant rest period made in good faith.

150. Valley Presbyterian knew the California Labor Code and applicable IWC Wage Orders required it to provide the Straight Time Employees with accurate itemized wage statements.

151. Nonetheless, Valley Presbyterian knew the wage statements it provided to the Straight Time Employees did not accurately reflect their actual overtime wages earned, their actual gross and net wages earned, and/or their premium pay for missed meal and rest periods.

152. Valley Presbyterian's failure to provide the Straight Time Employees with accurate wage statements was neither reasonable nor was its decision not to provide these employees with accurate wage statements made in good faith.

153. Valley Presbyterian knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated the California Labor Code and applicable IWC Wage Order(s).

154.   Valley Presbyterian knowingly, willfully, and/or in reckless disregard carried out its illegal policies that systematically deprived Charles and the other Straight Time Employees of their earned overtime wages, rest and meal periods, premium pay for missed rest and meal periods, and accurate wage statements in violation of the California Labor Code and applicable IWC Wage Order(s).

155.   In sum, Valley Presbyterian's violations were willful, carried out in bad faith, and caused significant damage to Charles and the other Straight Time Employees.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

### (29 U.S.C. § 216(b) COLLECTIVE ACTION)

156.   Charles brings her FLSA claims on behalf of herself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

157.   Valley Presbyterian violated, and is violating, the FLSA by employing non-exempt employees (Charles and the other FLSA Collective Members) in a covered enterprise for workweeks in excess of 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 each workweek, including hours worked "off the clock."

158.   Valley Presbyterian's unlawful conduct harmed Charles and the other FLSA Collective Members by depriving them of the overtime compensation they are owed.

159.   Accordingly, Valley Presbyterian owes Charles and the other FLSA Collective Members the difference between the overtime wages actually paid and the proper overtime wages actually earned.

160.   Because Hanry Mayo's FLSA violations were willful, it owes these wages for at least the past 3 years.

161.   Because Valley Presbyterian's FLSA violations were not committed in good faith, it is also liable to Charles and the other FLSA Collective Members for an additional amount equal to all unpaid wages as liquidated damages.

162.   Finally, Charles and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### COUNT II

### FAILURE TO PAY OVERTIME PURSUANT TO CAL. LAB. CODE § 510 (RULE 23 CLASS ACTION)

163.   Charles brings her overtime time claims under the California Labor Code and IWC Wage Order(s) as a class action on behalf of herself and the other Straight Time Employees pursuant to Fed. R. Civ. P. 23.

164.   At all relevant times, Valley Presbyterian was subject to the Labor Code and applicable Wage Order(s) because Valley Presbyterian was (and is) an "employer" within the meaning of the Labor Code and applicable Wage Order(s).

165.   At all relevant times, Valley Presbyterian employed Charles and the other Straight Time Employees as its covered "employees" within the meaning prescribed in the Labor Code.

166.   Charles and the other Straight Time Employees are entitled to under the Labor Code and applicable Wage Orders.

167.   Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

168.   IWC Wage Order 17-2001(4) states that employees:

> … shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such

– 19 –
ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Charles v. Valley Presbyterian Hospital*

employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

169.    Labor Code § 1194(a) provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

170.    Labor Code § 1198 makes it unlawful for employers, like Valley Presbyterian, to employ employees, including Charles and the other Straight Time Employees, under conditions that violate the IWC Wage Order(s).

171.    Despite regularly working over 8 hours a day and/or 40 hours in a workweek as part of their normal and regular schedules, Valley Presbyterian did not pay Charles and the other Straight Time Employees overtime wages for all overtime hours worked, including those worked "off the clock."

172.    Valley Presbyterian's unlawful conduct harmed Charles and the other Straight Time Employees by depriving them of the overtime wages they are owed under California law.

173.    Accordingly, Valley Presbyterian owes Charles and the other Straight Time Employees the unpaid balance of the full amount of overtime wages owed and interest at the highest applicable rates.

174.    Finally, Valley Presbyterian is also liable to Charles and the other Straight Time Employees for their reasonable attorneys' fees and costs incurred in this action.

## COUNT III

### FAILURE TO AUTHORIZE, PERMIT, AND/OR MAKE AVAILABLE MEAL AND REST PERIODS PURSUANT TO CAL. LAB. CODE §§ 226.7 & 512 (RULE 23 CLASS ACTION)

175.    Charles brings her meal and rest period claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of herself and the other Straight Time Employees pursuant to Fed. R. Civ. P. 23.

176.    At all relevant times, Valley Presbyterian was subject to the Labor Code and applicable Wage Orders.

177.    At all relevant times, Valley Presbyterian was Charles's and each Straight Time Employee's "employer" within the meaning prescribed in the Labor Code.

178.    At all relevant times, Charles and each Straight Time Employee was Valley Presbyterian's "employee" within the meaning prescribed in the Labor Code.

179.    At all relevant times, Charles and the other Straight Time Employees were entitled to compliant, *bona fide* meal and rest periods under the California Labor Code and applicable IWC Wage Order(s).

180.    Sections 226.7 and 512 of the California Labor Code and applicable IWC Wage Order(s) require employers, like Valley Presbyterian, to authorize and permit meal and rest periods to their employees, including Charles and the other Straight Time Employees.

181.    Specifically, Sections 226.7 and 512 of the California Labor Code and applicable IWC Wage Order(s) require employers, like Valley Presbyterian, to provide employees, including Charles and the other Straight Time Employees, one uninterrupted 30-minute meal period when they work more than 5 hours per day and a second uninterrupted 30-minute meal period when they work more than 10 hours in day.

182.    Similarly, Section 226.7 of the California Labor Code and the applicable

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Charles v. Valley Presbyterian Hospital*

Wage Orders, also requires employers, like Valley Presbyterian, to authorize and permit employees, including Charles and the other Straight Time Employees, to take 10 minutes of rest time per 4 hours (or major fraction thereof) of work, and to pay employees their full wages during those rest periods.

183.    Unless employees are relieved of all duties during their 30-minute meal period(s) and 10-minute rest period(s), the employees are considered "on duty," and the meal/rest period must be counted as time worked under the applicable IWC Wage Order(s).

184.    Pursuant to Section 226.7(b) of the California Labor Code and applicable IWC Wage Order(s), employers, like Valley Presbyterian, who fail to provide an employee with a required meal and/or rest period must, as compensation, pay the employee one hour of pay at the employee's regular rate for each day that the meal and/or rest period was not authorized or permitted.

185.    At all relevant times, Valley Presbyterian routinely failed to make meal periods available to Charles and the other Straight Time Employees.

186.    Despite long days regularly lasting in excess of 12 hours, Charles and the other Straight Time Employees are regularly unable to take a meal period, prevented from timely taking a meal period, are otherwise subject to interruption during their meal periods, and are frequently interrupted during their attempted meal periods.

187.    Charles and the other Straight Time Employees are not paid one hour of premium pay for their missed meal periods as required by California law.

188.    Similar to meal periods, at all relevant times, Valley Presbyterian regularly fails to make rest periods available to Charles and the other Straight Time Employees.

189.    When available, if ever, Charles's and the other Straight Time Employees' rest periods were often not compliant, but rather, were generally untimely and/or short.

190.    Charles and the other Straight Time Employees do not receive premium pay for their missed rest periods as required by California law.

191.    Valley Presbyterian's unlawful conduct harmed Charles and the other Straight Time Employees by depriving them of compliant meal and rest periods, as well as premium pay.

192.    Valley Presbyterian knowingly, willfully, or in reckless disregard carried out this pattern or practice of failing to provide Charles and the other Straight Time Employees compliant meal and rest periods and required premium pay for missed meal and rest periods.

193.    Accordingly, Charles and the other Straight Time Employees are entitled to compensation for Valley Presbyterian's failure to authorize, permit, and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

## COUNT IV

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
## PURSUANT TO CAL. LAB. CODE § 226
## (RULE 23 CLASS ACTION)

194.    Charles brings her wage statement claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of herself and the other Straight Time Employees pursuant to Fed. R. Civ. P. 23.

195.    At all relevant times, Valley Presbyterian was subject to the Labor Code and applicable Wage Order(s) because Valley Presbyterian was (and is) an "employer" within the meaning of the Labor Code and applicable Wage Order(s).

196.    At all relevant times, Valley Presbyterian employed Charles and the other Straight Time Employees as its covered "employees" within the meaning prescribed in the Labor Code.

197.    Labor Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee .... The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

198. The applicable Wage Order(s) establish similar wage statement requirements.

199. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

200. As a result of its aforementioned illegal practices, Valley Presbyterian does not provide timely, accurate itemized wage statements to Charles and the other Straight Time Employees, in violation of Labor Code § 226(a) and the applicable Wage Order(s).

201. Specifically, the wage statements Valley Presbyterian provides Charles, and the other Straight Time Employees do not accurately reflect their actual gross

wages earned, their actual overtime wages earned, their premium pay earned, or their actual net wages earned.

202.  Valley Presbyterian's unlawful conduct harmed Charles and the other Straight Time Employees by depriving them of the accurate wage statements they are entitled to under California law.

203.  Accordingly, Valley Presbyterian is liable to Charles and the other Straight Time Employees for the amounts described above, plus interest.

204.  Finally, Valley Presbyterian is also liable to Charles and the other Straight Time Employees for their reasonable attorneys' fees and costs incurred in this action pursuant to Labor Code § 226(e).

## COUNT V

### WAITING TIME PENALTIES PURSUANT TO LAB. CODE §§ 201-203 (RULE 23 CLASS ACTION)

205.  Charles brings her waiting time penalties claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of herself and the other Straight Time Employees who have left their employment with Valley Presbyterian pursuant to Fed. R. Civ. P. 23.

206.  At all relevant times, Valley Presbyterian was subject to the Labor Code and applicable Wage Order(s) because Valley Presbyterian was (and is) an "employer" within the meaning of the Labor Code and applicable Wage Order(s).

207.  At all relevant times, Valley Presbyterian employed Charles and the other Straight Time Employees as its covered "employees" within the meaning prescribed in the Labor Code.

208.  Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

209.  Labor Code § 202 provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall

become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

210. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

211. Charles and some of the other Straight Time Employees have left their employment with Valley Presbyterian, at which time Valley Presbyterian owed them unpaid wages.

212. These earned, but unpaid, wages derive from the unpaid earned wages, overtime pay, and premium pay Valley Presbyterian owes Charles and the other Straight Time Employees.

213. Valley Presbyterian willfully refused and continues to refuse to pay Charles and the other Straight Time Employees all wages due and owing to them, in the form of earned wages, overtime pay, and premium pay, upon the end of their employment as a result of Valley Presbyterian's illegal policies.

214. Valley Presbyterian's unlawful conduct harmed Charles and the other Straight Time Employees by depriving them of the earnings and interest they are owed under California law.

215. Accordingly, Valley Presbyterian is liable to Charles and other Straight Time Employees for all penalties owing pursuant to Labor Code §§ 201-203.

216. Labor Code § 203 provides that an employee's wages will continue as a penalty up to 30 days from the time the wages were due.

217. Therefore, Charles and other Straight Time Employees are entitled to penalties pursuant to Labor Code § 203, plus interest.

## COUNT VI

### VIOLATION OF CALIFORNIA UCL

### PURSUANT TO BUS. & PROF. CODE §§ 17200, ET SEQ.

### (RULE 23 CLASS ACTION)

218. Charles brings her UCL claim as a class action on behalf of herself and the other Straight Time Employees pursuant to Fed. R. Civ. P. 23.

219. California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

220. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

221. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

222. Beginning at an exact date unknown to Charles, but at least during the 4 years prior to the filing of this Complaint, Valley Presbyterian committed acts of unfair competition as defined by the UCL, engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a. Violations of Labor Code § 226.8 for willfully misclassifying employees as "independent contractors";

    b. Violations of Labor Code § 204 pertaining to failure to pay all wages owed;

    c. Violations of Labor Code § 510 and IWC Wage Order 17-2001 pertaining to overtime;

d.  Violations of Labor Code §§ 226.7 and 512 and Wage Order 17-2001 pertaining to meal and rest periods; and

e.  Violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

223.  Valley Presbyterian's violations of these California laws and regulations, as well as the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

224.  Valley Presbyterian's acts and practices described above constitute unfair, unlawful, and fraudulent business practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*

225.  Among other things, Valley Presbyterian's acts and practices have taken from Charles and the other Straight Time Employees' wages rightfully earned from them, while enabling Valley Presbyterian to gain an unfair competitive advantage over law-abiding employers and competitors.

226.  Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

227.  Injunctive relief is necessary and appropriate to prevent Valley Presbyterian from repeating the unlawful, unfair, and fraudulent business acts and practices alleged in this Complaint.

228.  Valley Presbyterian's unlawful conduct harmed Charles and the other Straight Time Employees by depriving them of money and property, in the form of unpaid wages which are due and payable to them.

229.  Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

230.  Charles and the other Straight Time Employees are entitled to

restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from them during the 4-year period prior to the filing of this Complaint.

231.    Charles's success in this action will enforce important rights affecting the public interest and, in that regard, Charles sues on behalf of herself, as well as the other similarly situated Straight Time Employees.

232.    Accordingly, Charles and the other Straight Time Employees seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

233.    Charles takes it upon herself to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, and the action is seeking to vindicate a public right and it would be against the interests of justice to penalize Charles by forcing her to pay attorneys' fees from the recovery in this action.

234.    Thus, Attorneys' fees are appropriately awarded to Charles pursuant to Code of Civil Procedure § 1021.5 and otherwise.

### Relief Sought

WHEREFORE, Charles, individually and on behalf of the other Straight Time Employees, seeks the following relief:

a.    An Order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.    An Order certifying this lawsuit as a class action pursuant to Fed. R. Civ. P. 23;

c.    An Order appointing Charles and her counsel to represent the interests of the California Class Members;

d.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and California Labor Code;

e.  A Declaratory Judgment that Valley Presbyterian violated the FLSA, UCL, Labor Code, California law, and public policy as alleged herein;

f.  An Order finding Valley Presbyterian liable to Charles and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

g.  An Order finding Valley Presbyterian liable to Charles and the other California Class Members for their unpaid wages, overtime wages, double-time wages, liquidated damages, statutory damages, and any other penalties owed under the California Labor Code, applicable IWC Wage Order(s), and UCL;

h.  An equitable accounting to identify, locate, and restore all current and former employees the wages and compensatory damages they are due, with interest thereon at the highest rates allowable by law;

i.  Judgment awarding Charles and the other Straight Time Employees all unpaid wages, overtime wages, double time wages, liquidated damages, statutory damages, and any other penalties available under the FLSA, Labor Code and/or applicable IWC Wage Order(s);

j.  An Order awarding attorney's fees, costs, and expenses as provided by the FLSA, Labor Code, Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

k.  Pre- and post-judgment interest at the highest applicable rates; and

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Charles v. Valley Presbyterian Hospital*

l.    Such other and further relief as may be necessary and appropriate.


Date: March 14, 2025                    Respectfully submitted,


                                        */s/ William M. Hogg*
                                        William M. Hogg
                                        **JOSEPHSON DUNLAP LLP**

                                        *Counsel for Charles & the Straight Time Employees*


## DEMAND FOR JURY TRIAL

Charles hereby demands a jury trial on all claims and issues, as she and the other Straight Time Employees are entitled to a jury.


Date: March 14, 2025                    Respectfully submitted,


                                        */s/ William M. Hogg*
                                        William M. Hogg
                                        **JOSEPHSON DUNLAP LLP**

                                        *Counsel for Charles & the Straight Time Employees*

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Charles v. Valley Presbyterian Hospital*